IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>CHIN & HENSOLT, INC., et seq.<br><br>    Defendants | No. CV-09 4168 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT, AND TO STRIKE** |

    Before the Court is defendants Chin & Hensolt, Inc. ("Chin & Hensolt") and PQ Chin's ("Chin") motion, filed December 1, 2009, to dismiss plaintiff Richard Baker's ("Baker") First Amended Complaint ("FAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for a more definite statement, pursuant to Rule 12(e), and to strike certain allegations, pursuant to Rule 12(f). Plaintiff has filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

    In his FAC, Baker alleges that Chin & Hensolt is a corporation, that Chin has been Chin & Hensolt's "CEO and majority shareholder" from 2005 to the present, and that Baker is a "minority shareholder." (See FAC ¶¶ 3, 4, 17.) Baker also alleges that he was

---

[1] By order filed January 6, 2010, the Court took the matter under submission.

employed by "defendants" for "more than 20 years" (see FAC ¶ 2), and that he was terminated in 2008 (see FAC ¶ 22), at which time he was not paid his "vacation wages" (see FAC ¶ 62).

Baker further alleges that Chin & Hensolt has a "profit sharing plan" ("Plan") that Baker was a "participant" therein, and that Baker was "100% vested in the Plan." (See FAC ¶¶ 13, 14.) According to Baker, he "has been improperly denied the benefits of the Plan." (See FAC ¶ 30.)

Additionally, Baker alleges, defendants "held one [or] more life insurance policies in trust for Baker," which policies had a "cash surrender value." (See FAC ¶¶ 25, 27.) Baker alleges that defendants have "ignored" his requests that they produce those policies (see FAC ¶¶ 26, 41), and, further, that "[d]efendants or some of them failed to maintain those life insurance policies in trust for Baker" (see FAC ¶¶ 26, 28).

Baker also alleges that on July 31, 2009, he asked defendants for a number of documents, none of which has been provided to him. Specifically, Baker alleges he requested, and has not been provided with, the following documents: "an accounting of the Plan," "the Summary Plan Description for the Plan," "the annual report for the Plan each year since 1992," "a statement about when distribution would be made from the Plan," "the annual shareholder's meeting minutes for Chin & Hensolt [ ] from 1992 to the present," "a list of the officers, board members and shareholders of Chin & Hensolt," and "a statement of assets and liabilities of Chin & Hensolt." (See FAC ¶¶ 16, 19, 21.)

Baker further alleges that "thereafter," i.e., a date after July 31, 2009, he requested that defendants provide him "the record of shareholders pursuant to California Corporations Code § 1600(c)" and that defendants have failed to provide him said document. (See FAC ¶¶ 20, 21.)

Finally, Baker alleges that on August 17, 2009, Baker requested defendants "provide the personnel file for Baker as an employee of defendants, provide the payroll history for Baker and provide copies of all of the documentation signed by Baker while he was employed by defendants." (See FAC ¶¶ 23.) According to Baker, "most of that

documentation" has not been provided to him.  (See FAC ¶ 24.)  Further, Baker alleges, "wage statements" he did receive "did not list his employers' name and did not accurately show wages due to Baker."  (See FAC ¶ 79.)

In his FAC, Baker asserts two causes of action under the Employee Retirement Income Security Act ("ERISA"), as well as a cause of action for declaratory relief by which Baker seeks a declaration of his rights under the Plan.  Additionally, Baker asserts four causes of action under various sections of the California Labor Code.  Further, Baker asserts a cause of action for breach of fiduciary duty, premised on breaches of duties allegedly owed him in his capacity as a minority shareholder of Chin & Hensolt.  Lastly, Baker alleges a cause of action under under § 17200 of the California Business & Professions Code premised on the alleged violations of state law.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations

must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

**DISCUSSION**

**A. Failure to State A Claim**

Defendants argue that each of the nine causes of action in the FAC is subject to dismissal for failure to state a claim. The Court will address the nine causes of action in the order set forth in the FAC.

**1. First Cause of Action**

In his First Cause of Action, Baker alleges defendants are fiduciaries of the Plan, and that they "breached their fiduciary duty by acting counter to the interests of a beneficiary." (See FAC. ¶¶ 38, 46.) Baker asserts that in light of the alleged breaches, he is entitled to monetary relief. (See FAC ¶ 48.)

Defendants argue the First Cause of Action is subject to dismissal, because ERISA does not provide for monetary relief in favor of a plan participant as against a plan fiduciary. The Court agrees.

Under ERISA, a participant may, pursuant to 29 U.S.C. § 1132(a)(2), seek "appropriate relief" pursuant to 29 U.S.C. § 1109, which, in turn, provides that a fiduciary may be held "personally liable" for losses resulting from a breach of fiduciary duty. See 29 U.S.C. § 1109(a).[2] The monetary relief available under § 1132(a)(2), however, is limited; specifically, a participant alleging a breach of fiduciary claim under § 1132(a)(2) may only seek recovery of losses incurred by a plan, and may not seek to recover for losses incurred by the participant. See Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 139-44 (1985) ("Congress did not intend [§ 1132(a)(2)] to authorize any relief except for the plan itself"); Ford v. MCI Communications Corp. Health and Welfare Plan, 399 F.3d 1076,

---

[2] As discussed below with respect to the Second Cause of Action, a participant who is personally harmed by a plan fiduciary's acts may seek "appropriate equitable relief" against the fiduciary. See Varity Corp. v. Howe, 516 U.S. 489, 507-15 (1996). In the First Cause of Action, however, Baker seeks only monetary relief. (See FAC ¶ 47.)

4

1082 (9th Cir. 2005) (holding participant may not seek "individual remedy" against plan fiduciary under § 1132(a)(2)).  Here, although Baker has alleged that defendants are plan fiduciaries and that they have breached fiduciary duties, he seeks no relief on behalf of the Plan, and only monetary relief on behalf of himself.

As Baker points out, ERISA provides that a participant may file suit to recover individual benefits available under an ERISA plan, and may, in such a manner, obtain monetary relief in the form of benefits due.  Specifically, 29 U.S.C. § 1132(a)(1)(B) provides that a plan participant may "recover benefits due to him under the terms of the plan."  See 29 U.S.C. § 1132(a)(1)(B).  Baker has failed, however, to state a claim under § 1132(a)(1)(B), because Baker has neither sued the Plan nor alleged that either of the named defendants is the plan administrator, i.e., "the person specifically so designated by the terms of the instrument under which the plan is operated."  See Ford, 399 F.3d at 1081 (internal quotation and citation omitted) (holding, for claim under § 1132(a)(1)(B), proper defendant is "the Plan as an entity" or "the Plan's administrator").  Moreover, even if Baker had sued a proper defendant under § 1132(a)(1)(B), the claim nonetheless would be subject to dismissal for the reason that Baker, while alleging in conclusory fashion his entitlement to "benefits" (see FAC ¶¶ 30, 48), fails to identify, in any manner, the nature of the benefits to which he claims he is entitled.  Consequently, Baker has failed to provide notice of the factual basis for his claim that he is entitled to benefits under the Plan.  See Iqbal, 129 S. Ct. at 1950 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Accordingly, the First Cause of Action is subject to dismissal.

**2. Second Cause of Action**

In the Second Cause of Action, Baker alleges he is entitled to equitable relief under ERISA; specifically, he requests that defendants be "restrained from continuing their inappropriate and unjust conduct," which he identifies as "[t]he denial of the Plan benefits due to Baker" and "[d]efendants' failure to provide him with records of the Plan."  (See FAC ¶ 53.)  Defendants argue the Second Cause of Action is subject to dismissal because,

according to defendants, Baker has failed to allege facts that would entitle him to equitable relief.

As noted, a plan participant who is personally harmed by a plan fiduciary's acts may seek "appropriate equitable relief" against the fiduciary. See Varity Corp. v. Howe, 516 U.S. at 510 (citing 29 U.S.C. § 1132(a)(3)). Such equitable relief, however, is limited to circumstances in which Congress has not "elsewhere provided adequate relief for a beneficiary's injury." See Varity Corp., 516 U.S. at 515.

Here, to the extent Baker seeks an order restraining defendants from denying him benefits, Baker has failed to state a claim under § 1132(a)(3) because Congress has provided adequate relief to participants whose claims for benefits are denied, specifically, the remedy available under § 1132(a)(1)(B).

To the extent Baker seeks an order directing defendants to provide him with Plan documents, however, defendants have not shown Baker has failed to state a claim. Specifically, defendants fail to identify what "adequate relief" is available, other than equitable relief, where, as is alleged here, a fiduciary withholds documents from a plan participant.[3]

Accordingly, the Second Cause of Action is subject to dismissal to the extent Baker seeks equitable relief to remedy any alleged denial of benefits, but is not otherwise subject to dismissal.

### 3. Third Cause of Action

In the Third Cause of Action, Baker alleges he is entitled to certain declarations regarding his rights with respect to the Plan. Defendants argue the Third Cause of Action is subject to dismissal "because ERISA provides an adequate legal remedy." (See Defs.'

---

[3]In their reply, defendants, assert they provided Baker with "documents" after the instant action was filed. (See Defs.' Reply, filed December 24, 2009, at 6:5-08.) Although defendants request such "fact" be "considered" by the Court in deciding the instant motion, apparently for the proposition that any claim regarding a failure to produce documents is moot, defendants fail to offer any evidence to support such "fact." Cf. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988) (holding district court, when considering motion to dismiss for lack of subject matter jurisdiction, "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Mot., filed December 1, 2009, at 5:11-12.)

As discussed above, a plan participant is entitled to equitable relief where Congress has not "elsewhere provided adequate relief for a beneficiary's injury." See Varity Corp., 516 U.S. at 515.

Here, to the extent Baker seeks a declaration that he "was a participant in the Plan" and that he has "suffered economic damages" (see FAC ¶ 58.a), the Third Cause of Action is subject to dismissal because any dispute regarding whether Baker was a participant and/or is entitled to benefits can be addressed "elsewhere," i.e., in a properly alleged claim for benefits brought pursuant to § 1332(a)(1)(B) against the Plan or Plan Administrator(s). Additionally, to the extent Baker seeks a declaration that defendants "failed to safeguard" and/or "failed to protect" assets held by the Plan (see FAC ¶¶ 58.d, 58.e, 58.f, 58.g), the Third Cause of Action is subject to dismissal because any dispute regarding whether defendants have harmed the Plan itself can be addressed "elsewhere," i.e., in a claim for breach of fiduciary duty brought pursuant to § 1332(a)(2).[4]

To the extent Baker seeks a declaration that defendants have a "duty to produce Plan documentation to Baker" and that defendants "failed to produce Plan documentation to Baker," however, the Court finds the claim is not subject to dismissal for the reasons stated by defendants. Specifically, as is discussed above with respect to the Second Cause of Action, defendants have failed to identify what "adequate relief" is available, other than equitable relief, where, as is alleged here, a fiduciary withholds documents from a plan participant. Nonetheless, because Baker, by the Second Cause of Action, is seeking an order directing defendants to provide him the subject documents, any issue regarding whether defendants have a duty to produce the documents and whether defendants have failed to produce documents thereunder will necessarily be addressed in the context of the Second Cause of Action. Consequently, no purpose, equitable or otherwise, would be

---

[4]Alternatively, to the extent the declaratory relief sought regarding Plan assets may bear on the issue of Baker's alleged entitlement to benefits, any controversy can be addressed "elsewhere," i.e., in a claim for benefits pursuant to § 1332(a)(1)(B).

7

served by allowing Baker to proceed simultaneously with a claim for declaratory relief regarding issues presented by the Second Cause of Action.

Accordingly, the Third Cause of Action is subject to dismissal.

**4. Fourth Cause of Action**

Under California law, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." See Cal. Lab. Code § 201(a).[5]  In the Fourth Cause of Action, Baker alleges that when he was discharged, defendants, in violation of § 201, failed to pay Baker "all of his wages" and, in particular, failed to pay him "all of his vacation wages." (See FAC ¶¶ 61, 62.)

**a. Chin**

Baker alleges he was employed by "defendants," i.e., by Chin & Hensolt and by Chin, the alleged Chief Executive Officer of Chin & Hensolt. (See FAC ¶¶ 2-4.) In support of his allegation that Chin was his employer, Baker relies on the following allegation: "Chin operates Chin & Hensolt [ ] as his alter-ego and fails to strictly maintain corporate formalities and fails to maintain corporate and employment records." (See FAC ¶ 5.)

Defendants argue that Baker's allegations regarding an alter ego theory are insufficient to state a claim against Chin based on breaches of duties arising solely from an employee-employer relationship. The Court agrees.

Under California law, there are "two general requirements" for establishing an alter ego theory: "(1) there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." See Mesler v. Bragg Mgmt. Co., 39 Cal.3d 290, 300 (1985) (internal quotation and citation omitted). Baker's conclusory allegations are insufficient to identify any facts to support a finding that the "separate personalities of the corporation and the individual no longer exist" or that if the subject acts, e.g., a failure to pay wages due, are treated as those of Chin & Hensolt,

---

[5]Baker alleges he "worked for defendants" in California. (See FAC ¶ 1.)

an "inequitable result will follow." See id.; see also Twombly, 550 U.S. at 555 (requiring more than "labels and conclusions" to survive motion to dismiss).

Accordingly, the Fourth Cause of Action is subject to dismissal to the extent it is alleged against Chin.

### b. Chin & Hensolt

Defendants argue the Fourth Cause of Action is subject to dismissal because Baker has not identified the specific type of wages to which he is allegedly due, for example, "unpaid overtime" or "accrued paid time off." (See Defs.' Mot. at 15:21-23.) As noted, however, Baker alleges Chin & Hensolt failed to pay him all of his vacation pay due him upon termination (see FAC ¶¶ 61-62); consequently, Baker has identified the type of wages sought.[6]

Accordingly, defendants have failed to show the Fourth Cause of Action is subject to dismissal to the extent it is alleged against Chin & Hensolt.

As discussed below, the Court will afford Baker leave to file a Second Amended Complaint. If Baker intends to base the Fourth Cause of Action on wages other than vacation pay, Baker must identify any such additional type(s) of wages in any Second Amended Complaint.

### 5. Fifth Cause of Action

Under California law, "[a]ll wages, other than those mentioned in Section 201 . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." See Cal. Lab. Code § 204(a). In the Fifth Cause of Action, Baker alleges "[d]efendants did not pay Baker all wages within the applicable time periods set forth in Labor Code § 204." (See

---

[6]Oppenheimer v. Robinson, 150 Cal. App. 2d 420 (1957), on which defendants rely, is distinguishable. There, the California Court of Appeal held that an employee who filed a wage claim in superior court was required to allege the specific amount due, in order to demonstrate the amount in controversy equaled or exceeded the amount necessary to meet the jurisdictional requirements for an action filed therein. See id. at 423. Here, by contrast, no issue is presented by the amount in controversy; rather, Baker alleges federal claims and relies on supplemental jurisdiction for his state law claims.

1  FAC ¶¶ 72-74.)  Defendants argue Baker has failed to plead sufficient facts to support a
2  violation of § 204.  As set forth below, the Court agrees.
3          First, to the extent the claim is brought against Chin, such claim is subject to
4  dismissal for the reasons set forth above with respect to the Fourth Cause of Action.
5          Further, as against either defendant, the claim is subject to dismissal because it is
6  not supported by any facts.  Although the FAC alleges a failure to pay wages due upon
7  termination (see FAC ¶¶ 61, 70), § 204 exempts from its scope wages "mentioned in
8  Section 201," see Cal. Lab. Code § 204(a), i.e., wages due upon termination, see Cal. Lab.
9  Code § 201.  To the extent Baker may be attempting to allege that, at some other
10 unidentified time, he was not paid wages in compliance with the time set forth in § 204,
11 Baker fails to allege any facts to give defendants notice of the theory on which Baker is
12 proceeding.  Baker's paraphrasing of the requirements of § 204 (see FAC ¶ 71), followed
13 by a conclusory statement that defendants have not complied with § 204 (see FAC § 72), is
14 insufficient to state a claim.  See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the
15 elements of a cause of action, supported by mere conclusory statements, do not suffice.")
16         Accordingly, the Fifth Cause of Action is subject to dismissal.
17     **6. Sixth Cause of Action**
18         In the Sixth Cause of Action, Baker alleges defendants violated §§ 226, 432, and
19 1198.5 of the California Labor Code.
20         Under § 226(a), an "employer shall, semimonthly or at the time of each payment of
21 wages, furnish each of his or her employees . . . an accurate itemized statement in writing
22 showing," inter alia, "gross wages earned," "total hours worked by the employee," "all
23 deductions," "net wages earned," and "the name and address of the legal entity that is the
24 employer."  See Cal. Lab. Code § 226(a).  Further, the employer "shall afford current and
25 former employees the right to inspect or copy" records containing the information required
26 by § 226(a), "no later than 21 calendar days from the date of the request."  See Cal. Lab.
27 Code §§ 226(b), 226(c).
28 //

Under § 432, "[i]f an employee . . . signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request." See Cal. Lab. Code § 432.

Under § 1198.5(a), "[e]very employee has the right to inspect the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." See Cal. Lab. Code § 1198.5(a).

Defendants argue that the Sixth Cause of Action fails to state a claim because Baker fails to sufficiently allege facts to support a finding that defendants violated § 226, and fails to allege any claim against Chin.

To the extent the Sixth Cause of Action is alleged against Chin, the Court finds, for the reasons stated with respect to the Fourth Cause of Action, Baker has failed to state a claim against Chin.

To the extent the Sixth Cause of Action is alleged against Chin & Hensolt and is based on violations of §§ 432 and 1198.5(a), however, defendants fail to identify any deficiency in the pleading. Indeed, defendants' motion to dismiss makes no reference to § 432 or § 1198.5(a). Further, in light of Baker's allegation that defendants refused to provide him with a copy of the documents he signed regarding his employment, despite his "repeated requests" for such materials (see FAC ¶ 83), and allegation that defendants did not provide him with all of the "employment documentation" he requested on August 17, 2009 (see FAC ¶ 77), the Court declines to dismiss sua sponte the Sixth Cause of Action to the extent it is brought against Chin & Hensolt and is based on violations of §§ 432 and 1198.5(a). Cf. Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) (observing "trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim").[7]

---

[7] The Court observes, however, that, unlike § 226, neither § 432 nor §1198.5 expressly provides therein for a private cause of action for damages or for recovery of penalties. Because neither party has addressed whether another statute or a regulation allows an employee to bring a cause of action for a violation of § 432 or § 1198.5, the Court does not consider at this time whether an employee may seek monetary relief for a violation of § 432 or §1198.5.

Finally, to the extent the Sixth Cause of Action is based on a claim that Chin & Hensolt violated § 226, the Court finds unpersuasive defendants' argument that the claim, as against Chin & Hensolt, must be dismissed in its entirety. In particular, defendants seek such dismissal on the ground Baker has not alleged that any failure to provide him accurate wage statements was done knowingly and intentionally. Although the remedies set forth in § 226(e) are only available upon a showing of a "knowing and intentional" violation of § 226(a), see Cal. Lab. Code § 226(e) (setting forth remedies available to "employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)"), other subsections of § 226 provide remedies to former employees who are not allowed to inspect or copy requested records, and those subsections make no reference to a knowing or intentional failure on the part of the employer, see Cal. Lab. Code § 226(f), Cal. Lab. Code § 226(g). Consequently, Baker's failure to allege a knowing or intentional violation of § 226 is not fatal to the entirety of his claim, and the Court finds it appropriate to dismiss the Sixth Cause of Action solely to the extent Baker seeks the remedies set forth in § 226(e).[8]

Accordingly, the Sixth Cause of Action is subject to dismissal to the extent it is brought against Chin and to the extent Baker seeks the remedies set forth in § 226(e).

**7. Seventh Cause of Action**

In the Seventh Cause of Action, Baker alleges defendants violated § 17200 of the California Business & Professions Code.

**a. Alleged Labor Code Violations**

The Seventh Cause of Action is, in part, derivative of Baker's claims that defendants violated §§ 201(a), 204, 226, 432, and 1198.5 of the California Labor Code.

---

[8] Moreover, although the FAC refers to a violation of § 226(a) (see FAC ¶ 75), Baker appears to be alleging a violation of § 226(c), in light of his allegation that he sought wage statements only after he became a "former employee." See Cal. Lab. Code § 226(b) (providing employer must retain certain information pertaining to "former employees"); Cal. Lab. Code § 226(c) (providing former employees with right to copy information retained by employer). Thus, the remedies in § 226(e) appear to be inapplicable for this additional reason.

12

1    To the extent the Seventh Cause of Action is based on violations of the Labor Code and is alleged against Chin, and to the extent the Seventh Cause of Action is based on a violation of § 204, the claim is subject to dismissal for the reasons stated above.  To the extent the Seventh Cause of Action is based on violations of the Labor Code and is alleged against Chin & Hensolt, and is based on violations of the Labor Code other than § 204, however, the claim is not subject to dismissal.

### b. Breach of Fiduciary Duty

The Seventh Cause of Action is also based on an allegation that defendants engaged in a "breach of fiduciary duty" by failing to comply with duties owed to "minority shareholders" under California law.  (See FAC ¶ 94.e.)  As noted above, Baker alleges he is a minority shareholder in Chin & Hensolt, and that defendants have refused to provide him with various documents concerning the governance of Chin & Hensolt, specifically, the minutes of annual shareholder's meetings, the list of the officers, board members and shareholders of Chin & Hensolt, and the statement of assets and liabilities of Chin & Hensolt.

Defendants contend Baker's claim, to the extent Baker alleges they breached fiduciary duties owed to Baker in his capacity as a minority shareholder, is preempted by ERISA.  Under ERISA, state laws that "relate to" an ERISA plan are preempted.  See 29 U.S.C. § 1144(a).  A state law "relates to" ERISA where "it has a connection with or reference to [an ERISA] plan."  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (finding state law claims preempted where based on insurer's alleged improper processing of claim for benefits available under ERISA plan).  Here, however, defendants fail to argue, let alone show, that any state law requiring defendants to provide Baker with documents concerning the governance of Chin & Hensolt has any connection with or reference to the Plan.  Nor is it apparent from the face of the FAC that a state law claim based on the failure to provide Baker with the minutes of annual shareholder's meetings, the list of the officers, board members and shareholders, and the statement of assets and liabilities would have any relationship to the Plan.  See Funkhouser v. Wells Fargo Bank,

1  N.A., 289 F.3d 1137, 1141 (9th Cir. 2002) (noting argument that state law claim is subject
2  to dismissal under theory of "conflict preemption" under ERISA is "affirmative defense");
3  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (holding complaint may be
4  dismissed for failure to state a claim based on affirmative defense only where affirmative
5  defense is "apparent on the face of the complaint").
6        Accordingly, to the extent the Seventh Cause of Action is based on a theory that
7  defendants breached fiduciary duties owed to Baker in his capacity as a minority
8  shareholder of Chin & Hensolt, defendants have failed to show the Seventh Cause of
9  Action is subject to dismissal.

### c. Conclusion as to Seventh Cause of Action

11       The Seventh Cause of Action is subject to dismissal to the extent it is based on
12 (1) a violation of § 204 of the California Labor Code, and (2) any violation of the California
13 Labor Code and is alleged against Chin.  In all other respects, defendants have failed to
14 show the Seventh Cause of Action is subject to dismissal.

### 8. Eighth Cause of Action

16       Under California law, "[i]n addition to, and entirely independent and apart from, any
17 other penalty provided in [the Labor Code], every person who fails to pay the wages of
18 each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and
19 1197.5 shall be subject to [specified additional penalties]," see Cal. Lab. Code § 210(a),
20 which penalties may be recovered "in an independent civil action," see Cal. Lab. Code
21 § 210(b).  In the Eighth Cause of Action, Baker alleges he is entitled to the penalties set
22 forth in § 210(a).
23       Baker has not alleged a violation of §§ 201.3, 204b, 204.1, 204.2, 205, 205.5, or
24 1197.5.  Further, for the reasons discussed above with respect to the Fifth Cause of Action,
25 Baker has failed to state a claim under § 204.
26       Accordingly, the Eighth Cause of Action is subject to dismissal.
27 //
28 //

14

### 9. Ninth Cause of Action

In the Ninth Cause of Action, Baker alleges that defendants have breached fiduciary duties owed to Baker in his capacity as a minority shareholder of Chin & Hensolt. As is discussed above with respect to the Seventh Cause of Action, the claim is based on the allegation that defendants have refused to give Baker various documents concerning the governance of Chin & Hensolt.

Defendants argue the Ninth Cause of Action is preempted by ERISA. For the reasons stated above with respect to the Seventh Cause of Action, however, the Court finds defendants have failed to show such affirmative defense is applicable.

Accordingly, defendants have failed to show the Ninth Cause of Action is subject to dismissal.

## B. More Definite Statement

Defendants argue they are entitled to a more definite statement as to any claim under the California Labor Code that is not dismissed.

To the extent defendants have failed to show that certain of Baker's claims brought under the Labor Code are not subject to dismissal, defendants have failed to show they cannot reasonably prepare a response to those remaining claims. See Fed. R. Civ. P. 12(e) (providing "more definite statement of a pleading" is properly required where pleading is "so vague or ambiguous that [a] party cannot reasonably prepare a response").

Accordingly, defendants have failed to show their entitlement to a more definite statement.

## C. Motion to Strike

Defendants argue that Baker's jury demand, as well as certain language in the prayer, should be stricken.

### 1. Jury Demand

Defendants argue that if the only claims that remain viable at the pleading stage are claims under ERISA and under § 17200, the Court should strike the jury demand.

As discussed above, defendants have failed to show that each of Baker's claims

arising under the California Labor Code is subject to dismissal, and that the Ninth Cause of Action is subject to dismissal.[9]

Accordingly, the jury demand will not be stricken.

**2. Prayer For Relief**

In the prayer, Baker seeks, inter alia, "compensatory damages pursuant to ERISA including Plan benefits" (see FAC at 14:1), and "a declaratory judgment that defendants have violated ERISA."

With respect to the first of the two above-quoted claims for relief, defendants argue the phrase "Plan benefits" should be stricken because, according to defendants, a plan participant may not seek "damages" based on a failure to receive benefits under an ERISA plan. As discussed above with respect to the First Cause of Action, Baker has failed to properly allege a claim for benefits.[10] Accordingly, defendants' motion to strike Baker's reference thereto is moot.

With respect to the second, defendants argue the phrase "violated ERISA" should be stricken because, according to defendants, a plan participant may never seek declaratory relief. Although defendants fail to offer any support for such proposition, the Court finds it unnecessary to address the issue because, as is discussed above with respect to the Third Cause of Action, Baker has not alleged a viable claim for declaratory relief.

Accordingly, the motion to strike is, in its entirety, moot and, as such, will be denied.

//
//

---

[9] Defendants do not contest Baker's jury demand with respect to such state law claims.

[10] The Court notes that Baker offers no disagreement with the general legal principle on which defendants rely, but, rather, observes that what he seeks is an award of "benefits." Consistent therewith and read in context, the prayer's reference to "compensatory damages . . . including Plan benefits" is a prayer for an award measured by the Plan benefits to which Baker is entitled, not a claim to some form of extracontractual damages.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss, for a more definite statement, and to strike is hereby GRANTED in part and DENIED in part as set forth below:

1. To the extent defendants seek an order dismissing the First Amended Complaint, the motion is GRANTED as follows:

    a. The First, Third, Fifth and Eighth Causes of Action are DISMISSED;

    b. The Second Cause of Action is DISMISSED to the extent Baker seeks equitable relief to remedy any alleged denial of benefits;

    c. The Fourth and Sixth Causes of Action are DISMISSED to the extent they are alleged against Chin;

    d. The Sixth Cause of Action is DISMISSED to the extent Baker seeks the remedies set forth in § 226(e) of the California Labor Code; and

    e. The Seventh Cause of Action is DISMISSED to the extent it is based on (i) a violation of § 204 of the California Labor Code, and (ii) any violation of the California Labor Code and is alleged against Chin.

2. In all other respects, the motion is DENIED.

3. In the event Baker seeks to amend any or all of the dismissed claims to cure the deficiencies identified above, Baker is hereby ordered to file a Second Amended Complaint no later than January 29, 2010. If Baker elects not to file a Second Amended Complaint, the instant action will proceed on the remaining claims in the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: January 12, 2010

MAXINE M. CHESNEY
United States District Judge