United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD BAKER,

Plaintiff,

v.

CHIN & HENSOLT, INC., et seq.

Defendants
_______________________________________/

No. C-09-4168 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; VACATING HEARING**

Before the Court is defendants Chin & Hensolt, Inc. ("Chin & Hensolt") and the Estate of PQ Chin's ("Chin")[1] motion to dismiss plaintiff Richard Baker's ("Baker") Third Amended Complaint ("TAC"), filed February 3, 2010 and amended February 4, 2010. Baker has filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for March 26, 2010, and rules as follows.

**A. Propriety of Filing TAC**

By order filed January 12, 2010, the Court dismissed certain of the claims alleged in Baker's First Amended Complaint, and afforded Baker leave to amend. On January 13,

---

[1]By order filed March 18, 2010, the Estate of PQ Chin was substituted for defendant PQ Chin.

2010, Baker filed a Second Amended Complaint ("SAC").  Thereafter, Baker, on January 20, 2010, filed his TAC.  Defendants argue the TAC should be dismissed because, in violation of Rule 15(a), the TAC was filed without either leave of court or by stipulation of the parties.  See Fed. R. Civ. P. 15(a).

At the outset, the Court notes that if the TAC were to be stricken because it was filed in violation of Rule 15(a), the operative complaint would be the SAC.  The only substantive difference between the SAC and the TAC is the addition of the Tenth Cause of Action, which, if the TAC were stricken, Baker could seek leave to add to his SAC by the filing of a TAC, thus delaying the proceedings.  As discussed below, Baker alleges, in the Tenth Cause of Action, that he is entitled to a statutory penalty as a result of defendants' alleged willful failure to pay him vacation pay due upon his termination.  As further discussed below, defendants have successfully challenged the adequacy of the Tenth Cause of Action to the extent it is alleged against Chin.  The Tenth Cause of Action, however, does not appear to be futile to the extent it is alleged against Chin & Hensolt.  Further, because a trial date and deadlines to complete discovery have not been set, there would appear to be no prejudice to Chin & Hensolt if Baker were allowed to amend to add the Tenth Cause of Action and allege such claim against Chin & Hensolt.

Accordingly, under the particular circumstances presented, and in the interests of judicial economy, the Court declines to strike the TAC.

**B. Merits of Motion to Dismiss**

   **1. Federal Claims**

The TAC includes two federal claims, each of which, defendants argue, is subject to dismissal.

   **a. First Cause of Action**

Baker alleges he is a participant in the Chin & Hensolt, Inc. Profit Sharing Plan ("Plan").  (See TAC ¶¶ 5, 19.)  In the First Cause of Action, Baker alleges a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). By order filed January 12, 2010, the Court dismissed the claim with leave to amend, for the reason that Baker had failed to name a

proper defendant to a claim brought under § 1132(a)(1)(B) and, further, had failed to identify the nature of the benefits to which he assertedly is entitled under the Plan.

Baker has cured the former deficiency by alleging that "[a]t all times, Chin & Hensolt [and] Chin administered the Plan." (See TAC ¶ 47); Ford v. MCI Communications Corp. Health and Welfare Plan, 399 F.3d 1076, 1082 (9th Cir. 2005) (holding plan administrator is proper defendant to claim under § 1132(a)(1)(B)).

As defendants point out, however, Baker has not cured the second deficiency. Again, Baker does not allege he is entitled to any particular benefit under the terms of the Plan.[2] Rather, Baker alleges, the Plan itself has been harmed, by defendants' "fail[ure] to safeguard and prudently invest Plan assets" (see TAC ¶ 46), and that, as a result, Baker is entitled to an award of "economic damages," specifically, "lost Plan assets," "loss in income/growth of Plan assets," and "loss of insurance policy assets" (see TAC ¶ 56). Such allegations do not, as a matter of law, state a claim under § 1132(a)(1)(B). See Bast v. Prudential Ins. Co., 150 F.3d 1003, 1008-09 (9th Cir. 1998) (describing claim under § 1132(a)(1)(B) as claim "to recover benefits due under [a] plan"; holding "extracontractual" and "compensable" damages are "not available under ERISA").[3]

Accordingly, defendants have shown the First Cause of Action is subject to dismissal.

In his opposition, Baker does not request further leave to amend the First Cause of Action. Further, there do not appear to be any additional facts Baker could allege to cure the remaining deficiency.

Accordingly, the First Cause of Action will be dismissed without leave to amend.

//

---

[2]As discussed below, Baker, in the Second Cause of Action, seeks an order directing defendants to provide him with certain Plan records he has requested.

[3]Where a fiduciary has harmed a plan, a participant may, as explained in the Court's January 12, 2010 order, bring an action under § 1132(a)(2) to recover the losses incurred by the plan, but may not seek to recover losses personally incurred by the participant as a result of the fiduciary's actions. (See Order, filed January 12, 2010, at 4:17 - 5:2.) Baker, however, has not alleged a claim under § 1132(a)(2).

**b. Second Cause of Action**

**(1) Claim For Plan Records**

In the Second Cause of Action, Baker alleges a claim under 29 U.S.C. § 1132(a)(3), by which he seeks to "restrain[ ]" defendants from "continuing their inappropriate and unjust conduct," described in the TAC as "fail[ing] to provide Baker with records of the Plan." (See TAC ¶ 62.) The claim is based on Baker's allegation that, before he filed the instant action, he requested Plan records from defendants and defendants failed to provide him with such records. The TAC identifies the subject records as follows: "[A]n accounting of the Plan, the Summary Plan Description for the Plan and other Plan documentation including the annual report for the Plan each year since 1992, [and] a statement about when distribution would be made from the Plan." (See TAC ¶ 26.)[4]

Defendants argue that the Second Cause of Action is moot. In support of this argument, defendants offer evidence to establish that defendants, through counsel, advised Baker's counsel that defendants "would make [Baker's] requested records pertaining to his prior employment with Chin & Hensolt [ ] available for inspection and copying" (see Devlin Decl., filed February 3, 2010, ¶ 2), and that, on November 10, 2009, two of Baker's attorneys "inspected and were provided a copy of all records requested" (see id. ¶ 6). Defendants offer no additional evidence concerning the nature of the "records" provided on November 10, 2009.

In support of his opposition, Baker offers the declaration of one of his attorneys, who does not dispute that plaintiff was "permitted to inspect [ ] Plan documents" on November 10, 2009 (see Kletter Decl., filed February 17, 2010), but further states, without elaboration, that "[t]o date, [Baker] has not been provided with all responsive documentation as requested" (see id. ¶ 15).[5]

---

[4]Whether such documents exist and, if so, whether defendants were required to produce them to Baker upon request are issues not before the Court at this time.

[5]Baker also asserts that defendants have provided incomplete responses to Baker's discovery requests. The issue before the Court, however, is not whether defendants have failed to comply with discovery obligations arising after the instant action was filed, but

The declarations offered by the respective parties are ambiguous in their respective descriptions of the type of records made available to Baker on November 10, 2009. The statement by defendants' counsel that defendants made available to Baker "requested records pertaining to [Baker's] prior employment" could be understood to refer to Plan records, or, alternatively, to "personnel records" Baker alleges he also requested and likewise were withheld by defendants (see TAC ¶ 88), or to both of those types of records, or to some subset thereof, or, perhaps, to something else. The statement of Baker's counsel that Baker "has not been provided with all responsive documentation," read in light of his concession that he inspected at least some Plan records on November 10, 2009, could be understood as an assertion that Baker still has not received some Plan records, or, perhaps, that he received all Plan records, but still has not received some or all of his personnel records.

"The burden of demonstrating mootness is a heavy one." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). Consequently, at this stage of the proceedings, the ambiguities in the evidence must be resolved in favor of Baker. Simply put, defendants' evidence is insufficient to meet defendants' "heavy" burden to establish that the Second Cause of Action is moot, see id., and, specifically, is insufficient to support a finding that defendants have provided to Baker each Plan record Baker requested before he filed the instant action.

Accordingly, defendants have failed to show the Second Cause of Action is subject to dismissal on the ground on mootness.

**(2) "Equitable Restitution" Claim**

In his opposition, Baker asserts the Second Cause of Action includes another claim. Specifically, Baker argues, the Second Cause of Action includes a claim for "equitable restitution," which claim, as described by Baker in his opposition, is a claim by which he seeks reimbursement of the attorney's fees and costs he incurred to obtain the requested

---

whether defendants are currently withholding from Baker any Plan records plaintiff requested before he filed the instant action.

Plan records from defendants. (See Pl.'s Mem. of P. & A., filed February 17, 2010, at 4:19-20, 5:9-11.) As defendants correctly observe, however, no such claim is contained in the TAC.

To the extent Baker's opposition can be read to contain an implicit request for leave to file a Fourth Amended Complaint to add such a claim, the Court denies the request, because such an amendment would be futile. A claim for "restitution" under ERISA requires a showing that "particular funds or property" belonging to the plaintiff are in the defendant's possession. See Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 362-63 (2006). Baker has not asserted, nor can he allege, that defendants, or either of them, possessed "particular funds or property" corresponding to attorney's fees and costs incurred by Baker. Cf. id. (holding, where terms of disability plan required plan beneficiary to reimburse plan out of payments received by beneficiary from third parties, and plan fiduciary sought to recover from beneficiary proceeds of settlement between beneficiary and tortfeasor, fiduciary stated ERISA claim for "restitution"; finding fiduciary was seeking "specifically identifiable funds that were within the possession and control of the [beneficiary]") (internal quotation and citation omitted).

Accordingly, the Second Cause of Action is limited to Baker's claim that defendants have withheld Plan records Baker requested before the instant action was filed.

**2. State Law Claims**

To the extent defendants seek dismissal of Baker's state law claims, or parts thereof, the Court next considers the challenged claims in turn.

**a. Fourth Cause of Action**

In the Fourth Cause of Action, Baker alleges defendants did not pay him "all of his wages immediately upon discharge" (see TAC ¶ 68), in violation of § 201(a) of the California Labor Code.

Defendants argue the Fourth Cause of Action is subject to dismissal in its entirety because, although Baker has expressly alleged he was "not provided with all of his vacation wages" (see TAC ¶ 69), Baker has not identified other types of wages allegedly

due to him.  As a result, defendants argue, Baker's reference to "wages" is too ambiguous to support a claim.  The Court disagrees.

First, any failure to identify wages other than "vacation wages" would not support dismissal of the Fourth Cause of Action, but, at most, a basis to limit the scope of that claim.  In any event, to the extent the Fourth Cause of Action may be deemed ambiguous as to whether Baker is seeking "wages" other than vacation pay, Baker clarifies in his opposition that he is basing the Fourth Cause of Action on vacation pay only.  (See Pl.'s Mem. of P. & A. at 7:20-25 ("[T[he TAC clarifies that vacation wages are the only wages that [Baker] seeks.").)

Accordingly, the Fourth Cause of Action is not subject to dismissal on grounds of ambiguity with respect to the type of wages sought thereby.

Defendants also argue that to the extent Baker has brought the Fourth Cause of Action against Chin, the claim is subject to dismissal because Baker fails to sufficiently allege therein facts to support a finding that Chin was Baker's "employer."  See Cal. Labor Code § 201(a) (providing "employer" has duty to pay "wages earned and unpaid at the time of discharge").  As discussed below, the Court agrees.

By order filed January 12, 2010, the Court dismissed the Fourth Cause of Action to the extent it was alleged against Chin, finding Baker's allegation that Chin was the alter ego of Chin & Hensolt too conclusory.  The only fact, as opposed to legal conclusions, alleged in the TAC that arguably pertains to Chin's alleged status as an alter ego of Chin & Hensolt is that Chin "transferred assets out of Chin & Hensolt [ ] for his personal benefit."  (See TAC ¶ 9.)  Baker fails to cite any authority, however, and the Court is aware of none, providing that a corporate officer who transfers money out of a corporation becomes, by reason of said act alone, an alter ego of the corporation.  Further, Baker fails to allege any facts to support a finding that "fraud or injustice" would result if the corporate structure of Chin & Hensolt were not disregarded.  See Flynt Distributing Co., Inc. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984) (setting forth elements of "alter ego" claim under California law). Baker has not alleged, for example, that Chin & Hensolt is or was undercapitalized by Chin,

see Minton v. Cavaney, 56 Cal. 2d 576, 580 (1961), or that Chin "deplete[d]" Chin & Hensolt of its assets in order to avoid Chin & Hensolt's having to pay a possible judgment that might be rendered against it, see Las Palmas Associates v. Las Palmas Center Assoc, 235 Cal. App. 3d 1220, 1251 (1991).

Accordingly, the Fourth Cause of Action is subject to dismissal to the extent it is brought against Chin.

In his opposition, Baker does not request further leave to amend, and has not identified any additional facts he could allege to support a finding that Chin, as an individual, was Baker's employer.

Accordingly, to the extent the Fourth Cause of Action is alleged against Chin, the Fourth Cause of Action will be dismissed without leave to amend.

**b. Sixth Cause of Action**

In the Sixth Cause of Action, Baker alleges defendants have failed to provide him with various employment-related documents in violation of §§ 226, 432, and 1198.5 of the California Labor Code.

Defendants argue that the Sixth Cause of Action is subject to dismissal to the extent it is brought against Chin. Because the Labor Code sections on which the Sixth Cause of Action is based set forth duties owed by an "employer," see id., the Court, for the reasons stated above with respect to the Fourth Cause of Action, agrees.

Accordingly, to the extent the Sixth Cause of Action is alleged against Chin, the Sixth Cause of Action will be dismissed without leave to amend.

**c. Ninth Cause of Action**

In the Ninth Cause of Action, Baker alleges defendants owed Baker fiduciary duties arising from Baker's status as a minority shareholder in Chin & Hensolt, and that defendants breached said duties by failing to provide Baker with copies of certain corporate records.

Defendants argue the Ninth Cause of Action is subject to dismissal to the extent it is brought against Chin, again arguing Baker has failed to sufficiently plead that Chin is the

alter ego of Chin & Hensolt. Baker need not proceed under a theory of alter ego, however, because, under California law, majority shareholders of a corporation owe fiduciary duties to minority shareholders. See Jones v. H. F. Ahmanson & Co., 1 Cal. 3d 93, 108 (1969) (holding "majority shareholders . . . have a fiduciary responsibility to the minority and to the corporation to use their ability to control the corporation in a fair, just, and equitable manner"). Here, Baker alleges that Chin is the "majority shareholder" of Chin & Hensolt (see TAC ¶ 4), and that "defendants," including Chin, breached their fiduciary duties to Baker.

Accordingly, defendants have failed to show the Ninth Cause of Action is subject to dismissal to the extent it is brought against Chin.

**d. Tenth Cause of Action**

In the Tenth Cause of Action, Baker alleges that because defendants have "willfully failed" to pay him "vacation wages" (see TAC ¶¶ 113-115), he is entitled to "waiting time penalties" available under the California Labor Code. See Cal. Labor Code § 203(a).

Defendants argue the Tenth Cause of Action is subject to dismissal to the extent it is brought against Chin. Because § 203 is applicable to an "employer," see id., the Court, for the reasons stated above with respect to the Fourth Cause of Action, agrees.

Accordingly, to the extent the Tenth Cause of Action is alleged against Chin, the Tenth Cause of Action will be dismissed without leave to amend.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss the Third Amended Complaint is hereby GRANTED in part and DENIED in part, as follows:

1. The First Cause of Action is hereby DISMISSED without leave to amend.

2. The Second Cause of Action is limited to the pleaded claim that defendants have withheld Plan records Baker requested before the instant action was filed.

3. The Fourth, Sixth, and Tenth Causes of Action are DISMISSED without leave to amend to the extent they are alleged against Chin.

//

4. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 24, 2010

MAXINE M. CHESNEY
United States District Judge